**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-cv-559-RJC**
**(3:15-cr-121-RJC-DSC-29)**

| | |
|---|---|
| JORGE SOSA, | ) |
| | ) |
| Petitioner, | ) |
| | )     **ORDER** |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the

reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which

must be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner Jorge Sosa is a member of the street gang La Mara Salvatrucha, or MS-13.

United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018). He and 36 co-defendants were indicted

in the underlying criminal case. Id. The Plaintiff proceeded to trial, and the jury found him guilty

of RICO conspiracy, committing a violent crime (attempted murder) in aid of racketeering, and

discharging a firearm in furtherance of a crime of violence. [3:15-cr-121 ("CR") Doc. 826

(Verdict)]. The Court sentenced him to a total of 327 months' imprisonment in a Judgment entered

on December 27, 2016. [CR Doc. 1104 (Judgment)]. The Fourth Circuit Court of Appeals

affirmed, and the United States Supreme Court denied certiorari. Zelaya, 908 F.3d at 920, Sosa v.

United States, 139 S.Ct. 1581 (2019).

Petitioner filed a § 2255 Motion to Vacate in 2020 raising claims of ineffective assistance of counsel, Case No. 3:20-cv-163-RJC. The Court dismissed and denied the Motion to Vacate, finding that counsel was not ineffective and that the Fourth Circuit had resolved one of his claims on direct appeal. Sosa v. United States, 2021 WL 1166765 (W.D.N.C. March 26, 2021); see Sosa v. United States, 2021 WL 2110881 (W.D.N.C. May 25, 2021) (denying reconsideration). The Fourth Circuit denied a certificate of appealability and dismissed the Petitioner's appeal. United States v. Sosa, 2021 WL 6067311 (W.D.N.C. Dec. 20, 2021).

Petitioner filed the instant Motion to Vacate on October 11, 2022.[1] [Doc. 1]. He claims that appellate counsel provided ineffective assistance, and that his federal convictions violated double jeopardy. He asserts that his Motion to Vacate is timely because the claims are based on newly discovered evidence, *i.e.*, a letter from counsel dated April 5, 2022. [Id. at 11].

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

2

judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition that was denied on the merits. Petitioner has now filed this § 2255 Motion to Vacate without first obtaining authorization to do so from the Fourth Circuit. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

## IV.    CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DISMISSED** for lack of jurisdiction.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.       The Clerk is instructed to close this case.

Signed: October 19, 2022

Robert J. Conrad, Jr.
United States District Judge

4