UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-559-RJC
3:15-cr-121-RJC-DSC-29

| JORGE SOSA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on the pro se Petitioner's Motion for Reconsideration [Doc. 7].

In the underlying criminal case, Petitioner was found guilty of RICO conspiracy and other offenses for which he was sentenced to a total of 327 months' imprisonment. [3:15-cr-121 ("CR") Doc. 826 (Verdict); CR Doc. 1104 (Judgment)]. The Fourth Circuit Court of Appeals affirmed, and the United States Supreme Court denied certiorari on April 15, 2019. United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018); Sosa v. United States, 139 S.Ct. 1581 (2019).

In 2020, Petitioner filed a timely Motion to Vacate that was dismissed and denied. Sosa v. United States, 2021 WL 1166765 (W.D.N.C. March 26, 2021); see Sosa v. United States, 2021 WL 2110881 (W.D.N.C. May 25, 2021) (denying reconsideration). The Fourth Circuit denied a certificate of appealability and dismissed the Petitioner's appeal. United States v. Sosa, 2021 WL 6067311 (W.D.N.C. Dec. 20, 2021).

Petitioner filed a Motion to Vacate in the instant case on October 11, 2022, raising claims of ineffective assistance of appellate counsel and a double jeopardy violation. [Doc. 1]. He asserted that the Motion to Vacate is timely because the claims are based on newly discovered

1

evidence, *i.e.*, a letter from counsel dated April 5, 2022. [Id. at 11]. On October 19, 2022, the Court dismissed the Motion to Vacate as an unauthorized, successive § 2255 petition over which it lacks jurisdiction. [Doc. 2]. The Petitioner filed a Notice of Appeal on October 27, 2022, which is presently pending, Case No. 22-7294. [Doc. 4].

On November 4, 2022, Petitioner filed the instant Motion for Reconsideration of the October 19, 2022 Order pursuant to Fed. R. Civ. P. 59(e).[1] [Doc. 7]. He argues that the Motion to Vacate is timely because counsel's April 5, 2022 Letter demonstrates that Petitioner wrote counsel a letter, dated October 12, 2016, asking counsel to raise plain errors on appeal. [Id. at 2-3]. He argues that this is newly discovered evidence that re-started the one-year statute of limitations on April 5, 2022, making the instant Motion to Vacate timely under 28 U.S.C. § 2255(f)(4). He argues that reconsideration is required to correct a clear error of law and to prevent a manifest injustice because the Motion to Vacate identifies plain errors that violated his constitutional rights. [Id. at 4]. He asks the Court to grant the Motion to Vacate, or conduct an evidentiary hearing.

As a preliminary matter, the Court notes that it has jurisdiction to consider Petitioner's Rule 59(e) motion during the pendency of the appeal of the final judgment order. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court [a Rule 59 motion to alter or amend the judgment] – and does so within the time allowed by [that rule] – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a Rue 59 motion to alter or amend] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered").

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

2

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Here, the Petitioner's argument that his Motion to Vacate is timely under § 2255(f)(4) is beside the point. His Motion to Vacate was dismissed because it is successive, not because it is untimely.[2] He has failed to demonstrate that reconsideration is warranted under Rule 59(e). He does not identify an intervening change in controlling law, new evidence that was not available at trial,[3] or a clear error of law; nor has he shown that relief is needed to prevent a manifest injustice. The arguments that the Petitioner presents in his Motion reiterate arguments that were, or could have been, presented in the Motion to Vacate. See Hill, 277 F.3d at 708. He essentially asks the Court to disregard that the Motion to Vacate is successive and to address his claims on the merits. This provides no basis for Rule 59(e) relief and the Motion for Reconsideration will, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 7] is **DENIED**.

---

[2] Section 2255(f)(4) provides that the one-year period to file a § 2255 petition may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." A Letter that Petitioner, himself, wrote to counsel in 2016; alleged trial errors that Petitioner personally witnessed; and issues raised in a direct appeal in Petitioner's own case, obviously were not newly "discovered" by Petitioner by way of counsel's April 2022 Letter.

[3] See Note 2, *supra.*

3

Case 3:22-cv-00559-RJC   Document 8   Filed 01/27/23   Page 3 of 4

Signed: January 27, 2023

*Robert J. Conrad, Jr.*

Robert J. Conrad, Jr.
United States District Judge

4